IN THE UNITES STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONNIE HOLDEN                                                                                          PLAINTIFF/
                                                                                              COUNTER-DEFENDANT

V.                                    CASE NO. 5:24-CV-5196

RIVER REGION PSYCHIATRY ASSOCIATES, LLC                                                    DEFENDANT/
                                                                                              COUNTER-PLAINTIFF

## ORDER

Before the Court are Defendant/Counter-Plaintiff River Region Psychiatry Associates, LLC's Motion to Strike Answer to Counterclaim (Doc. 12) and Plaintiff/Counter-Defendant Donnie Holden's Motion for Leave to File Answer Out of Time or Alternative Request to Accept Late Filing (Doc. 14). For the reasons explained below the Motion to Strike is **DENIED**, and the Motion for Leave is **GRANTED**.

Holden's Complaint was removed from state court by River Region on September 20, 2024. (Doc. 2). A week later, River Region filed an Answer and Counterclaim (Doc. 6). Holden's response to the Counterclaim was due twenty-one days later, by Friday, October 18, but Holden's counsel missed the filing deadline due to his admitted inadvertence. *See* Affidavit of Attorney Rick Woods (Doc. 14, pp. 3–4).[1]

On Monday, October 21—the first business day after the deadline—River Region moved the Clerk of Court to enter a default against Holden under Federal Rule of Civil

---

[1] Holden's counsel explains that he prepared his client's Answer to the Counterclaim on October 2, more than two weeks before it was due, and gave it to his assistant for filing. However, the assistant "believed that a response from the client was needed to approve the Answer" and did not file it. *See* Doc. 14, p. 4. Counsel acknowledges that it was his responsibility to make sure the pleading was filed on time, and he failed to do so. *See id.* He claims that he has not missed a filing deadline like this in thirty years of practice. *Id.*

1

Procedure 55(a). The motion was filed at 10:34 a.m. *See* Doc. 9. Eighteen minutes later, Holden's counsel filed the Answer. *See* Doc. 10. He did so without seeking prior leave of Court, which should have been done pursuant to Rule 6(b)(1)(B). Nonetheless, once the Answer was filed, a clerk's default was no longer available. This is because Rule 55(a) authorizes a clerk's default only when a party "has failed to plead or otherwise defend" and does not distinguish between timely and untimely filings.[2]

On Friday, October 25, River Region filed a Motion to Strike Holden's Answer (Doc. 12). The following Monday, Holden filed two documents: a Response in Opposition to the Motion to Strike (Doc. 16)—which stated a good-faith excuse for the late filing—and a Motion for Leave to File Out of Time (Doc. 14). At that point, River Region should have withdrawn its Motion to Strike, but it did not. It doubled down instead, urging the Court strike the day-late Answer because deadlines should be followed and rules are rules. *See* Doc. 18, p. 4. River Region's position is not only draconian but contrary to Eighth Circuit guidance, which warns that "striking a party's pleadings is an extreme measure, and as a result . . . '[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).

If the Court were to strike Holden's Answer, River Region would prevail on its Counterclaim by default—which, under these procedural circumstances, would be manifestly unjust. "[A] marginal failure to comply with the [Federal Rules's] time requirements" does not warrant a default judgment. *United States v. Harre,* 983 F.2d 128,

---

[2] The Court mooted River Region's motion for clerk's default a few hours after Holden filed his Answer. *See* Doc. 11.

2

130 (8th Cir. 1993). Defaults are reserved for "willful violations of court rules, contumacious conduct, or intentional delays." *Id.* They are not to be entered when a late filing is the result of "excusable neglect"—which the Eighth Circuit defines as "inadvertence, mistake, or carelessness." *See Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (interpreting Rule 6(b)(1)(B)).

There are four factors to consider when deciding whether to accept a late filing for good cause: (1) the length of the delay and its impact on the proceedings, (2) the reasons for the delay, (3) whether the delinquent party acted in good faith, and (4) whether the moving party is likely to suffer prejudice as a result of the delay. *Id.* (citation omitted). In the case at bar, all four factors point to excusing Holden's delay. First, the length of the delay was negligible,[3] and the delay did not negatively impact the proceedings at all.[4] Second and third, Holden's counsel offered a good-faith, reasonable explanation for the delay that qualifies as excusable neglect under Rule 6(b)(1). And fourth, River Region's prejudice argument is frivolous. It contends that it was "required" to move to strike in order to "preserve this claim for appeal" and suffered prejudice in the form of attorney's fees incurred to prepare the Motion. (Doc. 13, p. 4). The Court observes that filing a motion to strike was not "required" in any sense of the term, and if cost and time savings were of such a concern to River Region, a cheaper and more efficient tactic would have been to pick up the phone and call Holden's counsel to advise him to file a motion for leave.

---

[3] River Region even concedes that the one-day delay was "slight." (Doc. 18, p. 4).

[4] This case is in its infancy, procedurally speaking. The Court has not held a Rule 16 conference or issued a final scheduling order yet, and discovery has only just begun.

**IT IS THEREFORE ORDERED** that the Motion to Strike (Doc. 12) is **DENIED** and the Motion for Leave to File Answer Out of Time (Doc. 14) is **GRANTED**. Holden's Answer to the Counterclaim (Doc. 10) is deemed filed *nunc pro tunc* as of October 18, 2024.

**IT IS SO ORDERED** on this 18th day of November, 2024.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE